IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REGENTS OF THE UNIVERSITY
OF NEW MEXICO,

        Plaintiff,

v.                                                        No. CV 15-00179 WJ/SCY

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, a/k/a AMERICAN FAMILY
INSURANCE COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiff Regents of the University of New Mexico's Motion to Remand **(Doc. 15)**, filed April 1, 2015. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is well taken in part. Therefore, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**, and this action is **REMANDED** to state court.

### BACKGROUND

The following well-pleaded facts are accepted as true for present purposes. Rachelle Geib sustained an accident in June 2011 for which Plaintiff asserts that Defendant American Family Mutual Insurance Company is liable. Following the accident, Geib received treatment at the University of New Mexico Hospital / Bernalillo County Medical Center in Albuquerque, New Mexico. Plaintiff, which operates the hospital, alleges that Geib incurred charges in excess of

$57,000 for her treatment. In August 2012, Plaintiff recorded a hospital lien in this amount and gave written notice of this lien to Defendant, Geib and her attorneys. Defendant later issued a check for $50,000 to Geib and/or her attorneys. After that time, Plaintiff sent repeated demands to Defendant for payment of $50,000 to satisfy the hospital lien. Defendant has thus far refused to tender to Plaintiff the $50,000 demanded by Plaintiff.

On January 14, 2015, Plaintiff filed the present action in the Second Judicial District Court, County of Bernalillo, State of New Mexico, asserting a single violation of the New Mexico Hospital Lien Act. Specifically, Plaintiff seeks $50,000 pursuant to NMSA 1978, § 48-8-3(A)[1]; the costs of filing and recording the hospital lien and reasonable attorneys' fees pursuant to § 48-8-3(B); plus interest and costs. *See* **(Doc. 1 Ex. A)**, Complaint.

Defendant removed the action to this Court on March 2, 2015. In its Notice of Removal, **(Doc. 1)**, Defendant asserts (and Plaintiff does not contest) that the parties are completely diverse. In addressing the amount in controversy, Defendant acknowledges that the only sum certain cited in the complaint is $50,000, but it also notes that Plaintiff seeks "reasonable attorney's fees, the costs of filing and recording the lien, pre-judgment and post-judgment interest . . ., and costs." Defendant alleges that "[t]hese costs and fees could easily exceed $20,000.00 [*sic*]" and that "there is no legal certainty that [the] recovery . . . would be limited to $50,000.00." Thus, Defendant states, "it appears that [Plaintiff's] claim against [Defendant] could reasonably exceed $75,000, based on the allegations in the Complaint."

On the same date that it removed the action to this Court, Defendant filed a motion to dismiss on the basis of lack of personal jurisdiction. **(Doc. 5)**, Motion. However, Plaintiff

---

[1] "Any person, firm or corporation, including an insurance carrier, making any payment to a patient or to his attorney . . . as compensation for the injury sustained, after the filing and receipt of written notice of the lien . . . and without paying the hospital asserting the lien the amount of its lien or that portion of the lien which can be satisfied out of the money due under any final judgment or contract of compromise or settlement . . . shall be liable to the hospital for the amount that the hospital was entitled to receive." NMSA 1978, § 48-8-3(A).

thereafter filed notice that it intended to file a motion to remand and that the parties had agreed that Plaintiff need not file a response to the motion to dismiss until after the resolution of the expected motion to remand. *See* **(Doc. 14)**, Notice. The instant motion was filed two weeks later.

## LEGAL STANDARDS

Removal is proper where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1446(c). In seeking removal, the removing party has the burden of proving both of these elements. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (citation omitted). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted).

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted), *abrogated on other grounds*, *Dart Cherokee Basin Operating Co., LLC v. Owen*, --- U.S. ---, 135 S. Ct. 547 (2014). A removal notice must plausibly allege on its face that the amount-in-controversy requirement is met, and evidence supporting these allegations must be submitted "when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin*, --- U.S. at ---, 135 S. Ct. at 554. If such evidence is necessary, the burden is on the defendant seeking removal "to prove jurisdictional facts by a 'preponderance of the evidence' such that the amount in controversy may exceed $75,000." *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). However, once the defendant has proven these jurisdictional facts, the matter should stay in federal court "unless it is 'legally certain' that less than $75,000 is at stake." *Id.* at 954.

**DISCUSSION**

Plaintiff alleges that Defendant failed in its Notice of Removal to plausibly allege facts establishing that the amount in controversy exceeds $75,000. Plaintiff also argues that Defendant has failed to provide sufficient evidence to support its allegations concerning the amount in controversy. Defendant disputes both positions.

The Court is not willing to go quite as far as Plaintiff with respect to whether sufficient facts have been plausibly alleged regarding the amount in controversy. Neither parties disputes that Plaintiff seeks $50,000 under § 48-8-3(A), bringing the parties two-thirds of the way to the requisite amount. Add in gross receipts taxes, as Defendant points out, as well as the reasonable attorneys' fees and other amounts allowed under § 48-8-3(B), and it is at least plausible that more than $75,000 could be at stake in this action, even where interest and costs are properly excluded pursuant to 28 U.S.C. § 1332(a).

Defendant's problem, however, is that Plaintiff has now challenged Defendant's jurisdictional allegations. As such, Defendant now must prove its factual assertions as to the amount in controversy by a preponderance of the evidence. *See Dart Cherokee Basin*, --- U.S. at ---, 135 S. Ct. at 554. Defendant has failed to meet this burden.

The parties agree that at least $50,000 is at stake in this action, and Defendant bears the burden of establishing that this and any other relief that Plaintiff seeks, exclusive of costs and interest, would exceed $75,000. *See* 28 U.S.C. § 1332(a). In its response brief, Defendant speculates that because it intends to litigate the Court's personal jurisdiction over it and possibly other "issues related to the claimed lien," the attorneys' fees at issue here may combine with the sum certain, New Mexico gross tax receipts, and other amounts sought under § 48-8-3(B) to exceed $75,000. However, Defendant has submitted *no* evidence as to the additional amounts

sought. "[M]ere speculation" as to attorneys' fees and other amounts, without more, "does not suffice" to meet the amount-in-controversy requirement by a preponderance of the evidence. *See Manibhadra, Inc. v. Aspen Ins. UK Ltd.*, No. 14-4112-SAC, 2014 WL 7246858, at *2 (D. Kan. Dec. 17, 2014) (unpublished) (citation omitted); *see also, e.g.*, *Vizant Techs., LLC v. Ocean State Jobbers, Inc.*, Civ. A. No. 14-6977, 2015 WL 500480, at *3 (E.D. Penn. Feb. 5, 2015) (unpublished) ("If this Court has to 'guess at whether the jurisdictional threshold has been met, then the defendant has not proved its point.'"); *Crane Equip. Servs., Inc. v. B.E.T. Constr., Inc.*, No. 14-CV-175S, 2015 WL 471323, at *4 (W.D.N.Y. Feb. 4, 2015) (unpublished). This is especially true where, as here, Plaintiff has submitted an affidavit from counsel stating that attorneys' fees in similar actions to enforce a lien have never exceeded 15.6% of the value of the lien at issue, which in this case would come to less than $8,000. In the absence of any evidence to support Defendant's jurisdictional allegations, the preponderance of the evidence in this case weighs in favor of remand.

Defendant's only answer to this point is that "Plaintiff cannot assure this Court that the attorney's fees and 'other relief' requested are legally certain to stay under the $75,000 jurisdictional amount." Defendant plainly does not understand the applicable legal standards. The "legally certain" test only comes into play once the proponent of federal jurisdiction has proven, by a preponderance of the evidence, sufficient facts to establish that the jurisdiction is proper. *See McPhail*, 529 F.3d at 954 (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)) (discussing the interplay between the two standards). Defendant, bearing the initial burden to establish the necessary jurisdictional facts, has failed to do so by a preponderance of the evidence. Accordingly, the Court must remand this action to state court.

Defendant also urges the Court to hold its decision on this motion in abeyance until it has resolved Defendant's Motion to Dismiss, **(Doc. 5)**. The Court certainly has the discretion to decide these motions in the order of its choosing. *See, e.g.*, *Canton Fitzgerald, L.P. v. Yagi Euro (Hong Kong) Ltd.*, 88 F.3d 152 (2d Cir. 1996). That said, Defendant's request is an odd one, seeing as Defendant has previously agreed that Plaintiff need not even respond to the motion to dismiss until *after* the instant motion to remand has been decided. *See* **(Doc. 14)**, Notice. The Court is fascinated by the endless logical loop that would result if it were to withhold its decision on the present motion until it decides another motion that cannot be fully briefed until the present motion is resolved. Rather than wade into this potential thicket, the Court has no difficulty concluding that resolution of the motion to dismiss may be left to the wisdom of the state court.

Finally, pursuant to 28 U.S.C. § 1447(c), Plaintiff asks that the Court direct Defendant to reimburse it for the costs and expenses incurred with removal of this action. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court does not find that Defendant's basis for removal was objectively unreasonable; rather, the Court has simply found that Defendant failed to establish the requisite jurisdictional facts by a preponderance of the evidence. Therefore, the Court will deny Plaintiff's request for attorneys' fees and other costs or expenses pursuant to § 1447(c).

## CONCLUSION

For the foregoing reasons,

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand, **(Doc. 15)**, is **DENIED** as to Plaintiff's request for costs and expenses incurred as a result of removal, but is **GRANTED** in all other respects.

IT IS FURTHER ORDERED that this action is **REMANDED** to the Second Judicial District Court, County of Bernalillo, State of New Mexico. The Clerk of Court is directed to mail a certified copy of this order to the Clerk of the Second Judicial District Court and to take the necessary steps to effectuate this remand.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE